**MEYER LAW GROUP LLP**
A Limited Liability Partnership
BRENT D. MEYER, Cal. Bar No. 266152
268 Bush Street #3639
San Francisco, California 94104
Telephone: (415) 765-1588
Facsimile: (415) 762-5277
Email: brent@meyerllp.com

Attorneys for Chapter 7 Trustee
PAUL MANSDORF

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>CHRISTOPHER MICHAEL CALLAWAY,<br><br>Debtor. | BK Case No.: 24-30082-DM<br><br>Chapter 7<br><br>**MOTION FOR ORDER TO ENTER INTO AGREEMENT TO PURCHASE AND SELL ESTATE'S INTEREST IN CERTAIN ASSETS**<br><br>Date: December 19, 2025<br>Time: 10:00 a.m.<br>Location: 450 Golden Gate Avenue<br>Courtroom 17<br>San Francisco, California 94102<br>Judge: Hon. Dennis Montali |

Chapter 7 Trustee, Paul Mansdorf ("Trustee") hereby moves (the "Motion") the Court for entry of an order approving the *Agreement to Purchase Estate's Interest in Certain Assets* (**Exhibit 1**) (the "Agreement") with M. Dattani Credit Trust ("Buyer") in the above-captioned matter.

As set forth in detail below, Trustee seeks authority to enter into the Agreement pursuant to 11 U.S.C. § 363. If Trustee is authorized to enter into the Agreement, Buyer shall pay to Trustee the sum of $35,000 in cash in exchange for acquiring all of the estate's rights, title, and interest in the (i) the Disclosed Assets (defined below); and (ii) the estate's interest in claims, counter-claims, cross-claims, and causes of action of the estate against any person or entity, including Christopher Callaway and related entities, and other person or entity against whom the estate may have a claim, including but not limited to, accounts receivable claims, avoidance claims, contract claims, and piercing the corporate veil claims, claims under 11 U.S.C. §§ 541(a)(3), 544, 547, 548, and 549 for avoidance and recovery of transfers and under related provisions of the California Civil Code (i.e., §§ 3439.04 and 3439.05), and for recovery of avoided transfers under 11 U.S.C. § 550 and any applicable non-bankruptcy law (collectively, the "Assets"). The sale of the Assets is subject to higher and better offers.

## I. RELEVANT FACTS

On February 12, 2024, debtor Christopher Michael Callaway ("Debtor") filed a voluntary petition for relief under Title 11, Chapter 7 of the United States Code, Case No. 24-30082-DM (the "Bankruptcy Case") in the United States Bankruptcy Court, Northern District of California, San Francisco Division (the "Bankruptcy Court"). Paul Mansdorf is the duly appointed Chapter 7 Trustee for the Bankruptcy Estate of Christopher Michael Callaway.

On March 24, 2024, Debtor filed amended *Schedule A/B: Property*, which among other things, disclosed an interest in the following:

| Description | Listed Ownership | Listed Value |
|---|---|---|
| Calilion, LLC - Retail bike shop (no longer operating). 6 bikes in storage, debt of company exceeds asset value | 50% | $ 0.00 |



MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com



Case: 24-30082 Doc# 116 Filed: 11/25/25 Entered: 11/25/25 14:25:33 Page 2 of 7

| | | |
|---|---|---|
| The Van Ness Bureau, LLC - non operating entity, Cannabis license applicant (4) | 100% | $ 0.00 |
| Calihart, LLC - Flower Shop (operating) | 50% | Unknown |
| Haze Valley 546, LLC - Never operated; no assets | 100% | $ 0.00 |
| Haze Valley 542, LLC - Never operated; no assets | 100% | $ 0.00 |
| Oliverde Farms, LLC - Never operated; no assets | 100% | $ 0.00 |
| Mass1v3, Inc - Never operated; no assets | 100% | $ 0.00 |
| Cal1way, Inc - Never operated; no assets | 100% | $ 0.00 |
| Domain names: jodolphins.com, tracknappers.com, tracknaps.com, outerhayes.com, blaze-valley.com, project-flowers.com, theouterhaze,com, porn.com, hazevalley.com, petitfleur.com, pot-monster.com, snarcs.com, highroadbikes.com, caliverde.com, oasis-delivery.com, haze-valley.com, blazevalley.com, hybryd.com, indica.com, sativa.com, potmonster.com, chris-callaway.com, christopher-callaway.com, postmonster.org, lafrum.com, coke.com, joydolphins.com, lilnappers.com, lilnapperz.com, fleurlocale.com, lefleur.shop, grandefleur.co, kidsvalley.co, highroadcoffee.co, vinoflores.com, hazevalley.co, caliverde.co | | $ 500.00 |
| Potential future claim against former landlord and creditor Dattani and Solful for interfering with a contractual relationship | | Unknown |
| Digital Account - Cryptocurrency - Venmo | | $ 599.00 |

(collectively, the "Disclosed Assets") (Dkt. No. 23). Debtor did not assert any exemption in the Disclosed Assets. (Dkt. No. 23).

On October 10, 2024, M. Dattani Credit Trust filed a *Proof of Claim* in the Bankruptcy Case asserting a general unsecured claim in the aggregate amount of $1,425,044.03 (the "Dattani Claim"). (Claim No. 13-1).

On October 15, 2025, Trustee filed a *Notice of Filing of Trustee's Final Report* (the "Trustee's Final Report"), which in relevant part, provided that Buyer would receive a distribution of $5,602.76 on account of the Dattani Claim. (Dkt. No. 101, p. 4).

On November 17, 2025, Trustee remitted payment to Buyer in the aggregate amount of $5,602.76 consistent with and pursuant to the Trustee's Final Report (the "Dattani Claim


MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com

Dividend").

Trustee requests authority to sell the Assets as follows.

## II. LEGAL ARGUMENT

### A. Sale of the Assets Outside Ordinary Course of Business

Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate …" 11 U.S.C. § 363(b).

The proper standard for a court to use when considering a proposed motion to sell assets is the business judgment test. Equity Sec. Holders v. Lionel Corp. (In re Lionel), 722 F. 2d 1063 (2nd Cir. 1983). This is this standard that has been adopted by the vast majority of courts. See In re Gulf States Steel, Inc. of Ala., 285 B.R. 497, 515 (Bankr. N.D. Ala. 2002).

"Under this standard, the Trustee has the burden to establish sound business reasons for the terms of a proposed sale. Factors for the Court to consider in whether to approve the sale include: (1) any improper or bad faith motive, (2) price is fair and the negotiations or bidding occurred at arms-length, (3) adequate procedure, including proper exposure to the market and accurate and reasonable notice to all parties in interest. The Trustee is responsible for the administration of the estate and his or her judgment on the sale and the procedure for the sale is entitled to respect and deference from the Court, so long as the burden of giving sound business reasons is met." Id. at 514 (citations omitted).

In analyzing a proposed sale, the Court must consider whether the sale is in the best interests of the estate, based on the facts and history of the case. See In re America West Airlines, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (*citing* In re Lionel Corp., 722 F. 2d 1063, 1071 (2nd Cir. 1983)). Further, the Trustee has broad power under section 363 to sell property of the estate and the manner of sale is within the discretion of the trustee. See In re The Canyon P'ship, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985).

Here, Trustee has obtained a buyer for the Assets for the sum of $35,000, which as of the date of the Motion, is the only offer that Trustee has received. See Mansdorf Decl. ¶ 3, Exh. 1. Further, sale of the Assets is subject to overbid, and details of the overbid procedures are set


MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com
Case: 24-30082 Doc# 116 Filed: 11/25/25 Entered: 11/25/25 14:25:33 Page 4 of 7

forth in the detail in the *Notice and Opportunity for Hearing on Motion to for Order to Enter into Agreement to Purchase and Sell Estate's Interest in Certain Assets* (the "Notice") filed concurrently herewith.[1]

Under these circumstances, Trustee believes that selling the Assets to Buyer (or any successful overbidder) is in the best interests of the bankruptcy estate and creditors because Buyer will receive no further distributions on account of the Dattani Claim and there will be a substantial increase in the dividend to general unsecured creditors. See Mansdorf Decl. ¶¶ 4-7. As such, Trustee requests authority to sell the Assets to Buyer (or any successful overbidder) pursuant to 11 U.S.C. § 363(b).

**B. Trustee Requests Authority for Approval of the Overbid Procedures**

As set forth in the Notice, and served on all parties in interest, sale of the Assets is subject to overbid. In the event that there is an overbid for the Assets, the overbid auction will take place in the Bankruptcy Court and Trustee will circulate Zoom instructions to Buyer and any qualified overbidder.

The following terms shall apply to all parties seeking to make an overbid offer to purchase the Assets:

1. On or before **December 17, 2025, at 12:00 p.m. Pacific Time**, bidders must: (i) provide evidence to Trustee at paul@mansdorftrustee.com (with a copy to Trustee's counsel – brent@meyerllp.com), that they can close and pay to Trustee in cash, a minimum overbid comprised of (x) the Purchase Price ($35,000) and (y) plus $1,000 as an initial overbid; (ii) deliver to Trustee a $36,000 deposit ("Deposit") by wire transfer only (contact Trustee's counsel, Mr. Meyer, for wire transfer instructions); and (iii) agree to be bound by all terms of the Agreement (except the amount of the purchase price, which amount will be the amount of a

---

[1] Paragraph 7 of the Agreement provides that "[t]he Dattani Claim Dividend ($5,602.76) shall constitute full satisfaction of the Dattani Claim, and Buyer shall not receive any additional dividend or payment from Trustee on account of the Dattani Claim from the Bankruptcy Estate of Christopher Michael Callaway in the Bankruptcy Case." See Mansdorf Decl. ¶ 3, Exh. 1. In the event that Buyer is not the successful bidder at the auction, then Paragraph 7 shall not be applicable and Buyer shall receive a distribution on account of the Dattani Claim from the proceeds of sale for the Assets.


MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com
Case: 24-30082 Doc# 116 Filed: 11/25/25 Entered: 11/25/25 14:25:33 Page 5 of 7

party's highest offer).

2. Following Trustee's timely receipt of a Deposit, additional bidding shall proceed in minimum increments of no less than $1,000.

3. In the event that a qualified bidder is not the successful bidder, it may act as a back-up bidder at its last highest offer. The Deposit will be promptly returned to bidders who do not want to act as back-up bidders.

4. Bids may not contain any contingencies whatsoever, including, but not limited to, any loan contingencies. The bidders must agree and acknowledge that they are purchasing the Assets, "as is, where is" with all faults and defects, with no representations or warranties and subject to any and all liens, claims, interests and encumbrances.

5. In the event there is an overbid, the overbid auction will be held in the Bankruptcy Court or by Zoom on **December 19, 2025, at 10:00 a.m. Pacific Time**. Prior to the start of the auction, Trustee will: (i) identify any party or parties that have made a qualified bid for the Assets; and (ii) set forth the auction rules, and may amend, modify or alter any bid procedure, rule or provision as Trustee deems necessary, just or appropriate. Trustee reserves the right, in his sole and absolute discretion, to refuse bids that do not, in his sole opinion, conform with the terms of the sale, to modify the terms and conditions of the sale or auction, to continue the sale from time to time. Only qualified bid participants may attend the overbid auction. All disputes with regard to the Agreement, sale or auction will be resolved by the Bankruptcy Court. At the conclusion of the auction, Trustee, in his sole discretion, will determine the highest and best bid and make a recommendation to the Bankruptcy Court to approve the sale of the Assets.

6. The successful bidder for the Assets must close the sale by tendering the entire purchase price to Trustee, less a credit for any deposit held by the Trustee, not later than five (5) days after entry of an order approving this Motion. If the successful bidder fails to timely close, it will forfeit its deposit to the estate for all purposes. In the event of such a default, Trustee will, without further order of the Bankruptcy Court, be free to sell the Assets to another party at the back-up bidder's last highest offer. The back-up bid shall have seven (7) days, from the date


MEYER LAW GROUP LLP
268 BUSH STREET #3639
SAN FRANCISCO CA 94104
www.meyerllp.com
Case: 24-30082 Doc# 116 Filed: 11/25/25 Entered: 11/25/25 14:25:33 Page 6 of 7

that his/her/its counsel/agent has been notified by email by Trustee's counsel of the default by the original successful bidder, to close pay the balance of the purchase price. Should the back-up bidder fail to timely tender the purchase price for any reason, they shall be in default, and the deposit that they have tendered to Trustee shall be forfeited to the estate for all purposes.

## III. CONCLUSION

Based on the foregoing, the Trustee respectfully request that the Court enter an order granting the Motion in its entirety, approving the Agreement (**Exhibit 1**), approving the overbid procedures, waiving the stay provided by Federal Rule of Civil Procedure 62(a) and Federal Rule of Bankruptcy Procedure 6004(h), and granting such other relief that is just and appropriate under the circumstances.

Dated: November 25, 2025

**MEYER LAW GROUP, LLP**

By: /s/ BRENT D. MEYER
Brent D. Meyer
Attorneys for Chapter 7 Trustee
PAUL MANSDORF



Case: 24-30082 Doc# 116 Filed: 11/25/25 Entered: 11/25/25 14:25:33 Page 7 of 7